UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EMBER C.,

                          Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.

CASE NO. 3:25-CV-5719-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). The Court concludes that the Administrative Law Judge ("ALJ") did not err in considering Plaintiff's subjective symptom testimony. As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    Procedural History

Plaintiff filed her claim for DIB on July 15, 2020, alleging disability as of September 1, 2017. AR 212. Her claim was initially denied on March 10, 2021, AR 115-17, and upon reconsideration on May 31, 2022. AR 120. A hearing was held before ALJ Allen Erickson on March 7, 2023, AR 34-85, and he issued a decision denying Plaintiff's claim on May 25, 2023. AR 17-33.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

Following the Appeals Council's denial of Plaintiff's request for review of the ALJ's decision, AR 1-3, Plaintiff appealed the Commissioner's final decision to the United States District Court for the Western District of Washington ("District Court") on November 3, 2023. AR 986. On March 28, 2024, the District Court reversed the Commissioner's decision and remanded the matter to the Social Security Administration for further proceedings. AR 993-95. The matter came on for a second administrative hearing on February 1, 2025, and on May 9, 2025, ALJ Erickson issued a decision, again, concluding that Plaintiff was not disabled between her alleged onset date and her date last insured. AR 906-23. Plaintiff did not file written exceptions with the Appeals Council, making the May 2025 decision the final decision of the Commissioner. *See* AR 906-08. Plaintiff now appeals the ALJ's May 2025 decision.[1]

Plaintiff maintains the ALJ erred in his evaluation of Plaintiff's allegations about the impact of her psychological impairments on her ability to function in a work setting. Dkt. 16 at 1. Plaintiff requests this matter be remanded to the Administration for further proceedings. *Id*.

**II.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of DIB if the ALJ's findings are based upon legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

---

[1] When stating "the ALJ's decision" throughout this Order, the Court is referring to the May 2025 decision.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

### III.    Discussion

In her Opening Brief, Plaintiff challenges the ALJ's consideration of Plaintiff's subjective symptom testimony. She argues the ALJ failed to give specific, clear, and convincing reasons for rejecting Plaintiff's allegations about the impact of her psychological impairments on her ability to sustain activity on a regular and continuing basis. Dkt. 16 at 2.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). The first step requires an ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). This objective medical evidence does not need to corroborate the severity of the alleged symptoms, instead, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

If a claimant has satisfied the first step, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* at 1112 (citation omitted). It is well-established that "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Id.* (citation omitted). The specific, clear, and convincing standard, however, is "the most demanding [standard] required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

As with all findings by the ALJ, however, the specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of their symptoms must also be supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1. Finally, when the ALJ provides several reasons for finding that subjective symptom testimony is not consistent with the medical record, the plaintiff's failure to raise these additional reasons in their opening brief constitutes waiver of a challenge to these additional grounds. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (deeming an argument that was not raised in the plaintiff's opening brief waived).

Here, at the administrative hearing conducted in February 2025, Plaintiff repeated her previous allegations that, due to a combination of physical and mental impairments, including back problems, mental stress derivative from PTSD, depression, and anxiety, Plaintiff was disabled and unable to return to work. AR 254, 278, 915. She also testified that since her prior claims for disability, her physical condition has degraded, and her PTSD has worsened. AR 915. The ALJ concluded that Plaintiff's "severe medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 915-16.

In the decision denying DIB, the ALJ observed that Plaintiff "reports that her physical impairments cause pain" and that at her 2023 hearing, Plaintiff "indicated that her neck and low[er] back were stiff and frozen[,]" and that "on a good day, her pain level is 7." AR 915. Plaintiff repeated her allegations at her hearing in 2025, and testified that "her physical condition has degraded, and her PTSD has worsened. The ALJ, however, concluded that Plaintiff's "severe

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 915-16. The Court also found that "the record indicates the claimant was independent in her activities of daily living during the period at issue." AR 916.

For example, the ALJ found that Plaintiff's "testimony minimizing her activity and care of the animals are inconsistent with reports elsewhere in the record." AR 916. Indeed, despite an alleged onset date of September 1, 2017, a Health Information Technology Medical Report from June 2020 observed that Plaintiff's chief medical complaint related to a fall that occurred in June 2019, AR 661, while Plaintiff "was out working with [a] horse [she] fell off of [a] mat and heard a 'pop.' " AR 642. Likewise, in a Social Security Administration Function Report written in October 2020, Plaintiff responded "Yes" on the "Information About Daily Activities" questionnaire when asked whether she took care of pets or other animals, and that she cared for them by "feeding and try[ing] to clean stalls." AR 255.

In 2021, Plaintiff underwent an examination with the Washington Department of Health and Human Services, Division of Disability Determination Services, and stated that her hobbies included "equine." AR 889. In a 2022 report from her podiatrist, Plaintiff reported that "she has been weightbearing and active due to her requirements owning a farm and with animals . . . ." AR 826. Plaintiff's medical records from September 2024 also indicate that her exercise consists of "managing her farm, caring for animals." AR 1292, 1295.

Finally, in a 2024 Administrative Note prepared by the VA, when identifying "[a]ggravating factors for pain" Plaintiff acknowledged that "[a]lmost everything she does"

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

caused her pain, including "riding horse, walking dogs, lifting feed bags, [and] tossing feed . . . ." AR 1305. Pursuant to these findings, the ALJ found that Plaintiff's "testimony minimizing her activity and care of the animals are inconsistent with reports elsewhere in the record" and that these "[i]nconsistencies undermine the persuasiveness of [Plaintiff]'s symptom reports." AR 916.

Similarly, the ALJ acknowledged that although Plaintiff "has been diagnosed with PTSD related to her prior military service" the ALJ concluded that "[d]espite the alleged severity of [Plaintiff]'s mental symptoms, the medical record shows generally stable and controlled mental health on medications prescribed by her primary care provider." AR 916. For example, medical records from 2020 indicate that Plaintiff "feels her baseline moods are stable but she still has irritability and anger reaction as noted above[,]" and that Plaintiff "would like to continue her current mood medications [because] she feels like they have kept her stable throughout this entire process, and she has been stable for the last several months." AR 375.

Progress Notes from an appointment in October 2021 observe that Plaintiff was "following up on anxiety and depression with PTSD" and that while she still took medication, "[s]he feels the combination is keeping her symptoms stable." AR 781. These records also indicate that Plaintiff has "[n]o feelings of being suicidal or homicidal, hopeless or helpless[,]" AR 375, and that despite "[d]aily depression with anger reaction, PTSD and panic attacks are chronic, recurrent, and moderate, [Plaintiff is] currently stable and consider[ed] controlled in full remission on" her medication. (emphasis added). AR 379.

The ALJ also noted that although the medical record indicates that Plaintiff "at times presented with anxious and/or depressed mood[,]" AR 352, Plaintiff's "medical examinations often do not mention observed abnormalities in this area of mental functioning, or they specifically mention observations like pleasant, cooperative, and normal behavior, appropriate

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6

eye contact[,] clear and appropriate speech, appropriate responses, normal effect, and stable mood." AR 913. This finding is accurate; medical records throughout the Administrative Record indicate that Plaintiff presented at her appointments as "[a]lert, no apparent distress via virtual chat visualization, pleasant and cooperative" with a "[n]ormal affect and stable mood." AR 331, 341, 357, 362, 367, 373, 378-79, 439, 572, 578, 809.

Consequently, the ALJ concluded that "[t]he record lacks corroborative clinical objective evidence consistent with the degree of limitation alleged by" Plaintiff, and that "while [Plaintiff] is certainly limited in functioning to some degree, it is not to the degree alleged." AR 921. As discussed above, the ALJ is required to give "specific, clear, and convincing reasons" for discounting Plaintiff's subjective symptom testimony, *Smith*, 14 F.4th at 1112, and "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Smartt*, 53 F.4th at 499 (citation omitted).

The Court is satisfied that the ALJ satisfied this exacting specific, clear, and convincing standard in this matter; because the ALJ's decision has provided one specific, clear, and convincing reason for discounting Plaintiff's subjective symptom, the Court need not consider the remaining reasons provided by the ALJ.

**IV.   Conclusion**

Based upon the aforementioned reason, this Court finds that the ALJ did not err in denying Plaintiff's claim for DIB. Accordingly, the matter is **AFFIRMED**.

Dated this 13th day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7